UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIRD DEGREE FILMS, INC., | No. C-12-3858 EMC |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| DOES 1-178, | |
| Defendants. | |

Previously, the Court referred Doe 106's motion to quash and sever to Judge James. *See* Docket No. 34 (order). Judge James issued an order denying the motion to quash but recommending that this Court grant the motion to sever. With respect to severance, Judge James concluded that joinder was "technically proper under Rule 20(a)" but nevertheless recommended that the motion to sever be granted because of the "risk of inappropriate settlement leverage and Plaintiff's failure to resolve any of [the] cases on the merits." Docket No. 45 (R&R at 9). In response, Plaintiff did not file an objection to the recommendation but instead voluntarily dismissed Doe 106.[1] *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (providing that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

Because Plaintiff's actions, if anything, give even greater weight to Judge James's concerns, the Court hereby issues this order to show cause. More specifically, the Court orders Plaintiff to

---

[1] Subsequently, Plaintiff filed a motion with Judge James, asking her to reconsider her recommendation regarding severance. *See* Docket No. 52 (motion). The motion to reconsider, however, is technically inappropriate because the motion seeking severance was filed by Doe 106, and Plaintiffs voluntarily dismissed Doe 106 as noted above.

...

show cause why this case should not be severed – more specifically, so that (1) the only defendant in this case will be Doe 1, and (2) the claims against Does 2-178 will be dismissed without prejudice and, if re-filed within 20 days, deemed a continuation of the original action for purposes of the statute of limitations.  In its brief, Plaintiff should address both of the following issues: (1) whether it has met the standard for permissive joinder under Federal Rule of Civil Procedure 20(a) (particularly given the number of Doe Defendants and the five-month period during which the alleged infringement took place) and (2) even assuming such, why severance would not be appropriate pursuant to Rule 20(b) (*e.g.*, not only because of the concerns articulated by Judge James but also because, even if there is factual overlap regarding the Doe Defendants' alleged method of infringement, the crux of the cases, should they proceed to trial, will be the individual factual assertions of each defendant).  *See, e.g.*, *New Sensations, Inc. v. Doe*, No. 12-3800 JSC, 2012 U.S. Dist. LEXIS 142032 (N.D. Cal. Oct. 1, 2012); *Hard Drive Prods. v. Doe*, No. C11-03825 HRL, 2012 U.S. Dist. LEXIS 45509 (N.D. Cal. Mar. 30, 2012); *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011) (Spero, J.); *Boy Racer v. Does*, No. C 11-02834 LHK (PSG), 2011 U.S. Dist. LEXIS 86746 (N.D. Cal. Aug. 5, 2011).

     Plaintiff's response to this order to show cause shall be filed within one week of the date of this order.  Until the Court rules on the severance issue, all other proceedings in this case are temporarily stayed.  Briefing schedules and/or hearing dates – including for any motion to quash – are temporarily vacated.  Plaintiff shall serve this order on all unrepresented Defendants and file a Certificate/Proof of Service with the Court.

     IT IS SO ORDERED.

Dated: January 2, 2013

                                                  EDWARD M. CHEN  
                                                  United States District Judge